**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **HASKELL BRUCE LEE, SR.,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 10-CV-044-TCK-PJC |
| | ) | |
| **STATE OF OKLAHOMA,** | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7). Petitioner filed a response to the motion (Dkt. # 9). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, Respondent's motion to dismiss should be granted and the petition should be dismissed with prejudice as time barred.

*BACKGROUND*

At the conclusion of a jury trial held in Rogers County District Court, Case No. CF-1999-211, Petitioner Haskell Bruce Lee, Sr., was convicted of Shooting With Intent to Injure, After Former Conviction of Two Felonies. On January 6, 2000, the trial judge sentenced Petitioner in accordance with the jury's recommendation to 175 years imprisonment. See Dkt. # 8, Ex. 2.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed February 8, 2001, in Case No. F-2000-65, the OCCA affirmed the Judgment and Sentence of the trial court. See Dkt. # 8, Ex. 1. Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On December 8, 2008, Petitioner filed an application for post-conviction relief. See Dkt. # 8, Ex. 2. On March 12, 2009, the state district court denied post-conviction relief. Id. Petitioner attempted to perfect a post-conviction appeal. However, on October 14, 2009, in Case No. PC-2009-754, the OCCA declined jurisdiction and dismissed the appeal as untimely. See Dkt. # 8, Ex. 3.

On January 22, 2010, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1).

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C),

and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on May 9, 2001, after the OCCA concluded direct review on February 8, 2001, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on May 9, 2001, and, absent a tolling event, a federal petition for writ of habeas corpus filed after May 9, 2002, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner commenced this action on January 22, 2010, or more than seven (7) years beyond the deadline. Absent statutory or equitable tolling, the petition is time-barred.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief during the limitations period. Petitioner's application for post-conviction relief was not filed until December 8, 2008, or more than six (6) years after the May 9, 2002, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner did not toll the limitations period. Therefore, this action, commenced on January 22, 2010, appears to be untimely.

In response to the motion to dismiss, Petitioner requests that in the interests of justice and fairness, his petition should not be dismissed. See Dkt. # 9. Section 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has failed to satisfy either prong of the showing necessary for entitlement to equitable tolling. First, Petitioner argues that the untimeliness of his petition should be excused because "he is Pro Se and [] he lacks the training and skills of a lawyer." See Dkt. # 9. It is well-established, however, that neither a petitioner's *pro se* status nor his ignorance of the law relieves a petitioner of his personal responsibility to file within the one-year period. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

Next, Petitioner claims that the AEDPA is "ex post facto to him" and does "not apply to his case of 1999." The Court disagrees. A violation of the Ex Post Facto Clause occurs when a law retrospectively alters the definition of criminal conduct or increases the punishment for the crime. See Lynce v. Mathis, 519 U.S. 433, 441 (1997). The AEDPA was enacted April 24, 1996, or before entry of Petitioner's judgment in 2000. The application of AEDPA to this petition neither

retrospectively alters the definition of criminal conduct nor does it increase the punishment for the crime. Because Petitioner filed his petition for habeas corpus relief after the enactment of AEDPA, the AEDPA period of limitation applies to his case. Williams v. Taylor, 529 U.S. 420, 429 (2000).

Petitioner also asserts that because he "is handicaped [sic] and confined to a wheelchair, he did not have the physical nor mental capacity to appeal to the Court before this time nor the help to do so." See Dkt. # 9. In support of this claim, Petitioner provides a picture of himself seated in a wheelchair. Id., Ex. A. Although the picture provided by Petitioner reflects that he has significant physical impairments, the Court finds Petitioner has not demonstrated that he was so incapacitated during the limitations period that he was incapable of pursuing his claims. He provides no medical records or other documentation suggesting that between May 9, 2001, and May 9, 2002, he was so incapable of rational thought that he could not take the steps necessary to file a petition for writ of habeas corpus. Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine). While the Court sympathizes with Petitioner's health problems, the Court nonetheless concludes that Petitioner did not diligently pursue his federal habeas corpus claims. Worley v. Lytle, 221 F.3d 1354 (10th Cir. 2000) (unpublished) (tolling would be allowed only under "exceptional circumstances," such as an adjudication of incompetency, institutionalization based on the alleged mental incapacity, or incapacitation to the degree that the litigant is unable to pursue his or her suit).[1]

Petitioner further argues that his conviction and sentence constitute a violation of the Eighth Amendment and a miscarriage of justice since the State presented insufficient evidence to prove the

---

[1] Unpublished opinion cited for persuasive value. See 10th Cir. R. 32.1(A).

elements of the crime of Shooting With Intent to Injure. A claim of actual innocence may warrant equitable tolling, see Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), although the applicant must also show that he "diligently pursue[d] his federal habeas claims," id. To establish "actual innocence," an applicant must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and demonstrate that "more likely than not, no reasonable juror would have convicted him in the light of the new evidence," id. at 327. Such new evidence must "affirmatively demonstrate[ ] his innocence," not simply "undermine the finding of guilt against him." Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999) (internal quotation marks omitted). In this case, Petitioner provides no new evidence suggesting that he is actually innocent. Instead, Petitioner's allegations concerning the insufficiency of the evidence constitute legal innocence as opposed to actual innocence. Furthermore, Petitioner has failed to show the diligence necessary for equitable tolling. More than seven (7) years passed between the conclusion of direct appeal proceedings and Petitioner's commencement of post-conviction proceedings. Petitioner is not entitled to equitable tolling.

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. He is not entitled to equitable tolling of the limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3. A separate Judgment shall be entered in this matter.

DATED THIS 4th day of May, 2010.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE